UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STE. GENEVIEVE COUNTY LEVEE DISTRICT #2, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:06CV00406 ERW<br>) |
| LUHR BROTHERS, INC., | )<br>) |
| Defendant/Third-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Third-Party Defendant/<br>Fourth-Party Plaintiff. | )<br>)<br>) |
| vs. | )<br>) |
| STE. GENEVIEVE JOINT LEVEE COMMISSION, | )<br>)<br>) |
| Fourth-Party Defendant. | ) |

## MEMORANDUM AND ORDER

Currently before the Court is Third-Party Defendant United States of America's Motion for Judgment on the Pleadings [doc. #5], which is construed as a motion for summary judgment;[1] Plaintiff Saint Genevieve County Levee District #2's Motion for Reconsideration [doc. #23]; and Plaintiff

---

[1] On June 22, 2006, this Court notified the parties of its intention to treat Third-Party Defendant United States of America's Motion for Judgment on the Pleadings [doc. #5] as a motion for summary judgment. The Court provided the parties with additional time to supplement the record with material pertinent to a motion for summary judgment.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Saint Genevieve County Levee District #2's Motion for Leave to File First Amended Complaint [doc. #26]. During a hearing on July 6, 2006, the Court heard arguments from the parties on the Motion for Reconsideration [doc. #23] and the Motion for Leave to File First Amended Complaint [doc. #26].

**I.  Motion for Leave to Amend Complaint**

Plaintiff requests leave to amend its Complaint to add the United States of America as a defendant. The United States of America, currently a Third-Party Defendant and a Fourth-Party Plaintiff in this matter, opposes Plaintiff's request.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent good reason for denial, such as undue delay, dilatory motive, undue prejudice, or bad faith, a request for leave to amend should be granted. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). Plaintiff concedes that its request is made 27 days after the passage of the Case Management Order deadline for amending complaints or adding additional parties. The Court agrees with the United States that Plaintiff should have made its request before the deadline passed, but the Court also recognizes that there has been no showing of any undue delay, dilatory motive, or bad faith by Plaintiff. Further, there has been no showing that undue prejudice to the United States will result if the amendment is permitted. Therefore, the Court will grant Plaintiff's request for leave to amend.

**II.  Motion for Judgment on the Pleadings**

In considering United States of America's Motion for Judgment on the Pleadings [doc. #5], the Court has come to the conclusion that the written agreement ("Agreement") between the United States and Defendant Luhr Brothers, Inc. ("Luhr") governing the construction of the levee at issue

2

in this case is subject to the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq*. ("CDA"). Indeed, the Agreement states that "[t]his contract is subject to the Contract Disputes Act of 1978, as amended" and that, "[e]xcept as provided in the Act, all disputes arising under or relating to this contract shall be resolved under this clause." Luhr's Ex. 2 at 00700-64. The CDA governs all disputes that arise from or relate to contracts to which the United States is a party. 41 U.S.C. § 602. The CDA mandates a particular procedure that must be followed by a contractor seeking to assert a claim against the United States arising from or related to a contract between them, and this procedure does not include filing suit in a United States district court.[2] *See, e.g., U.S. v. J&E Salvage Co.*, 55 F.3d 985, 987 (4th Cir. 1995) (district courts do not have jurisdiction over government contract claims that are subject to the CDA).

In its Third-Party Complaint, Luhr alleges that, on June 10, 1999, Luhr and the United States entered into the Agreement whereby Luhr agreed to construct a levee in accordance with plans, designs, and direction provided by the United States and the United States agreed to acquire all land, easements, and rights of way necessary for the construction of the levee. Compl. ¶ 2-3. Luhr further alleges that it completed construction of the levee in accordance with the plans and specifications provided by the United States. *Id.* ¶ 5. Luhr alleges that, if it is found liable on the claims against it in this case, its liability will have been brought about because the United States negligently and carelessly failed to acquire all lands and easements necessary for the construction of the levee and

---

[2]The procedure is as follows: (1) the contractor submits a claim in writing to the contracting officer; (2) the contracting officer issues a written decision; (3) this decision is final unless the contractor timely appeals the decision to an agency board of contract appeals or to the United States Court of Federal Claims; (3) if appealed to the agency board of contract appeals, that board's decision is final unless the contractor timely appeals to the United States Court of Appeals for the Federal Circuit, which may issue an opinion and judgment and may remand the case to the agency board for further action. *See* 41 U.S.C. § 605-09.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

because the United States negligently and carelessly promulgated defective plans and specifications. *Id.* ¶ 8. In short, Luhr's allegations are that the United States "negligently" performed its obligations under the Agreement. It appears to the Court that Luhr's claim against the United States, though perhaps attempting to sound in tort, is actually a claim sounding in contract. *See, e.g.*, *C.H. Guernsey & Co. v. U.S.*, 65 Fed. Cl. 582, 594 (Fed. Cl. 2005) (government's claim that party negligently performed duties under contract is claim for breach of contract); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996) (plaintiff's claims are disguised contract claims and must be resolved under the CDA); *J&E Salvage*, 55 F.3d at 988 (neither contractors nor government can bring contract action in federal district court by recasting claims in tort language). Luhr's claim against the United States appears to be one that arises under and relates to the Agreement. The allegations are based on the United States' obligations under the Agreement, and the source of the rights claimed by Luhr is the Agreement itself. It would appear, then, that Luhr's claim is subject to the CDA. If that is the case, this Court believes that it lacks jurisdiction over Luhr's claim against the United States and that the claim must be dismissed.

The Court will conduct a hearing on the United States' Motion for Judgment on the Pleadings, at which time the Court will expect to hear arguments from counsel as to why the CDA does not apply to Luhr's claim against the United States and why this Court has jurisdiction over the claim.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Saint Genevieve County Levee District #2's

---

[3]At this time, the Court will refrain from ruling upon Plaintiff Saint Genevieve County Levee District #2's Motion for Reconsideration [doc. #23].

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Motion for Leave to File First Amended Complaint [doc. #26] is **GRANTED**. Plaintiff's Amended Complaint is accepted for filing by this Court.

**IT IS FURTHER ORDERED** that counsel for the United States and counsel for Luhr Brothers shall appear before this Court on **Tuesday, August 15, 2006 at 9:00 a.m.** for a hearing on Third-Party Defendant United States of America's Motion for Judgment on the Pleadings [doc. #5]. At the hearing, counsel should be prepared to address the issues raised herein. This hearing shall take place in Courtroom 12 South.

Dated this 11th day of August, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com