UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STE. GENEVIEVE COUNTY LEVEE DIST.#2 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00406 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant, and ) | |
| ) | |
| LUHR BROTHERS, INC., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Third-Party Defendant/ ) | |
| Fourth-Party Plaintiff. ) | |
| ) | |
| vs. ) | |
| ) | |
| STE. GENEVIEVE JOINT LEVEE ) | |
| COMMISSION, ) | |
| ) | |
| Fourth-Party Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Third-Party Defendant United States of America's Motion for Judgment on the Pleadings [doc. #5].[1]

**I. BACKGROUND**

As the Court indicated in its August 11, 2006 Memorandum and Order, in considering the United

---

[1] Also before the Court, but not the subject of this Memorandum and Order, is Plaintiff Saint Genevieve County Levee District #2's Motion for Reconsideration [doc. #23].

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

States of America's ("United States") Motion for Judgment on the Pleadings, the Court determined that further oral argument regarding this Court's jurisdiction over Luhr Brothers, Inc.'s ("Luhr") claim against the United States would be helpful. Consequently, the Court heard oral argument from Luhr and the United States during a hearing on August 18, 2006.

**II.     DISCUSSION**

In its Third-Party Complaint, Luhr alleges that, on June 10, 1999, Luhr and the United States entered into a written contract ("Agreement") whereby Luhr agreed to construct a levee in accordance with plans, designs, and direction provided by the United States and the United States agreed to acquire all land, easements, and rights of way necessary for the construction of the levee. Compl. ¶ 2-3. Luhr further alleges that it completed construction of the levee in accordance with the plans and specifications provided by the United States. *Id.* ¶ 5. Luhr alleges that, if it is found liable on the claims against it in this case, its liability will have been brought about because the United States negligently and carelessly failed to acquire all lands and easements necessary for the construction of the levee and because the United States negligently and carelessly promulgated defective plans and specifications. *Id.* ¶ 8.

The Agreement between the United States and Luhr governing the construction of the levee at issue in this case is subject to the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq*. ("CDA"). The Agreement itself states that "[t]his contract is subject to the Contract Disputes Act of 1978, as amended" and that, "[e]xcept as provided in the Act, all disputes arising under or relating to this contract shall be resolved under this clause." Luhr's Ex. 2 at 00700-64. The CDA governs disputes that arise from or relate to contracts to which the United States is a party under certain statutorily defined circumstances. *See* 41 U.S.C. § 602. The CDA mandates a particular procedure that must be followed by a contractor seeking to assert a claim against the United States arising from or related to a contract between them, and

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

this procedure does not include filing suit in a United States district court.[2] *See, e.g.*, *U.S. v. J&E Salvage Co.*, 55 F.3d 985, 987 (4th Cir. 1995) (district courts do not have jurisdiction over government contract claims that are subject to the CDA).

A thorough reading of Luhr's Third-Party Complaint against the United States indicates that Luhr's basic allegation is that the United States "negligently" performed its obligations under the Agreement. Luhr's claim against the United States is one that arises under and relates to the Agreement. The allegations are based on the United States' obligations under the Agreement, and the source of the rights claimed by Luhr is the Agreement itself. The Agreement dictates that Luhr's allegations against the United States be resolved in accordance with the CDA. Moreover, Luhr cannot escape the requirements of the CDA by attempting to construe its allegations as something other than a contract claim. *See, e.g.*, *C.H. Guernsey & Co. v. U.S.*, 65 Fed. Cl. 582, 594 (Fed. Cl. 2005) (government's claim that party negligently performed duties under contract is claim for breach of contract, notwithstanding attempt to construe it otherwise); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996) (plaintiff's claims are disguised contract claims and must be resolved under the CDA); *J&E Salvage*, 55 F.3d at 988 (neither contractors nor government can bring contract action in federal district court by recasting claims in tort language).

The arguments presented by Luhr during the hearing on this matter do not demand a different result. First, Luhr argues that the CDA does not apply here because the Agreement concerns procurement

---

[2] The procedure is as follows: (1) the contractor submits a claim in writing to the contracting officer; (2) the contracting officer issues a written decision; (3) this decision is final unless the contractor timely appeals the decision to an agency board of contract appeals or to the United States Court of Federal Claims; (3) if appealed to the agency board of contract appeals, that board's decision is final unless the contractor timely appeals to the United States Court of Appeals for the Federal Circuit, which may issue an opinion and judgment and may remand the case to the agency board for further action. *See* 41 U.S.C. § 605-09.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of real property, which is specifically excluded under the CDA. It is true that the CDA specifically excludes contracts for the procurement of real property. However, the Agreement here is not simply a contract for the procurement of real property, as argued by Luhr. While certain provisions of the Agreement concern the procurement of real property, those provisions are related to the Agreement's main purpose, which -- as Luhr itself alleges -- concerns the construction of a levee. *See* Compl. ¶ 2. Second, Luhr contends that contractors can seek relief in a district court in cases that bear some relation to a government contract if the essential nature of the claim is not contractual, citing *Manshul v. United States*, 687 F. Supp. 60 (E.D.N.Y. 1988) and *Megapulse v. Lewis*, 672 F.2d 959 (D.C. Cir. 1982). While the cited cases can be said to stand for the proposition stated, they do no establish that this Court has jurisdiction under the circumstances of this case. As previously explained, while Luhr attempts to characterize its claim as merely one for contribution or indemnity, the essential nature of Luhr's claim against the United States is contractual. Indeed, Luhr's entire theory of recovery against the United States is based on Luhr's rights under the Agreement. Third, Luhr argues that the CDA should not be invoked when the dispute does not concern the contractor's entitlement to the money it is due for performance under the contract. Luhr provides no binding or other persuasive authority establishing that the type of claim at issue here is not subject to the CDA. In short, Luhr has failed to establish that this Court has jurisdiction over its claim against the United States.

### III. CONCLUSION

Because the Court has determined that it lacks jurisdiction over Luhr's claim against the United States, Luhr's Third-Party Complaint will be dismissed, and the United States' Motion for Judgment on the Pleadings will be denied for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Luhr Brothers, Inc.'s Third-Party Complaint against the United

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

States of America is **DISMISSED, without prejudice, for lack of jurisdiction**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Third-Party Defendant United States of America's Motion for Judgment on the Pleadings [doc. #5] is **DENIED for lack of jurisdiction**.

Dated this 23rd day of August, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com