UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STE. GENEVIEVE COUNTY LEVEE, DISTRICT #2 ) ) ) ) Plaintiff, ) vs. ) ) LUHR BROS., INC. et al. ) ) Defendant. ) ) UNITED STATES OF AMERICA ) ) Third-Party Defendant/ ) Fourth-Party Plaintiff. ) vs. ) ) STE. GENEVIEVE JOINT LEVEE ) COMMISSION, ) ) Fourth-Party Defendant. ) | Case No. 4:06CV00406 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff Saint Genevieve County Levee District #2's Motion for Remand [doc. #54].

**I.   BACKGROUND FACTS**

In the aftermath of a serious 1993 flood in Missouri and other states, Congress authorized construction of a project known as the Saint Genevieve Flood Control Project ("the Project"). The Project consists of the construction of a levee and associated flood control works in Saint Genevieve County, Missouri, designed to protect the area in and around the City of Saint Genevieve from flood waters of the Mississippi River. On August 8, 1995, the Army Corps of Engineers, on behalf of Third Party Defendant/Fourth Party Plaintiff United States of America

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

("the Corps"), entered into a Project Cooperation Agreement ("PCA") with Fourth Party Defendant Saint Genevieve Joint Levee Commission ("JLC"), which acted as the "local sponsor," for construction of the first part of the Project. In accordance with its duties under the PCA, the Corps entered into an agreement with Defendant Luhr Brothers, Inc. ("Luhr Brothers") to construct the levee ("Construction Agreement"). In constructing the levee, Luhr Brothers removed dirt and rocks from another levee known as the Valley Spring Levee.

On April 27, 2004, Plaintiff Saint Genevieve Levee District #2 ("Levee District #2" or "Plaintiff") filed suit in state court against both Luhr Brothers and the JLC, alleging that it is the owner of the Valley Spring Levee and seeking damages for Luhr Brothers' alleged trespass and conversion of property for removing dirt and rocks from the Valley Spring Levee without authorization. Specifically, Levee District #2 brought claims for trespass and conversion against Luhr Brothers for coming onto its land and removing portions of the Valley Spring Levee, and claims for trespass and conversion against the JLC for authorizing its alleged agent, Luhr Brothers, to come onto its land and remove portions of the Valley Spring Levee. On March 31, 2005, the JLC filed a Motion for Summary Judgment as to Levee District #2's claims against it, contending that it could not be held liable as a matter of law because Luhr Brothers was not acting as its agent at the time of the alleged trespass and conversion. On September 16, 2005, the state court granted the JLC's Motion for Summary Judgment and dismissed the JLC from the suit.[1]

On February 3, 2006, the remaining defendant, Luhr Brothers, filed a Third Party Petition

---

[1] On January 18, 2007, this Court denied Plaintiff's Motion for Reconsideration and Rehearing on Ste. Genevieve Joint Levee Commission's Motion for Summary Judgment, for lack of jurisdiction.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

against the Corps alleging that if it were found liable for the damages alleged by Levee District #2, such liability will have been brought about due to actions of the Corps and that it was therefore entitled to indemnity from the Corps. On March 2, 2006, the Corps timely removed this matter to this Court. On August 11, 2006, Plaintiff filed an amended Complaint alleging trespass and conversion claims against the United States for authorizing Luhr Brothers to come onto its land and remove portions of the Valley Spring Levee. On August 23, 2006, this Court dismissed Luhr Brothers petition against the Corps for lack of jurisdiction and dismissed the United States as a party. Plaintiff subsequently voluntarily dismissed its claims against the United States. Still pending are Plaintiff's state law claims against Defendant Luhr Brothers for trespass and conversion.[2] Plaintiff now moves to remand the case to state court.

## II. DISCUSSION

The United States premised its removal of this case to federal court upon 28 U.S.C. § 1442(a)(1),[3] which authorizes removal of suits against "the United States or any agency thereof," and 28 U.S.C. § 1346(b)(1),[4] which provides that "district courts... shall have exclusive jurisdiction" of civil actions against the United States for personal injury, death or property

---

[2] Plaintiff's Partial Motion for Summary Judgment [doc. #47] and Defendant's Motion for Summary Judgment [doc. #50] are also pending before the Court.

[3] 28 U.S.C. § 1442(a)(1) in pertinent part provides: " A civil action commenced in a State Court against [the United States or any agency thereof] ... may be removed by them to the district court of the United States for the district and division embracing the place where it is pending...."

[4] 28 U.S.C. § 1346 (b)(1) in pertinent part provides: "the district courts,... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

damage resulting from the torts of federal employees. As noted earlier, this Court dismissed the United States as a party for lack of jurisdiction.

In its Motion to Remand, Plaintiff argues that dismissal of the United States as a party eliminated the basis for federal jurisdiction and urges the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law conversion and trespass claims.

In response, Defendant first argues that Plaintiff voluntarily filed an amended complaint asserting federal claims against the United States and is therefore bound to remain here.[5] Defendant alternatively argues that, under 28 U.S.C. § 1367, this Court should exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

The Court's supplemental jurisdiction over state law claims arises under 28 U.S.C. §1367(a) which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the [court's] original jurisdiction." 28 U.S.C. 1367(a). 28 U.S.C. § 1367 (c) provides that a federal district court has discretion to reject supplement jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

---

[5] In its Response in Opposition to Plaintiff's Motion for Remand, Defendant cites to a line of cases that stand for the proposition that adding a federal claim to a plaintiff's complaint confers jurisdiction on the federal court even if an original action was improperly removed. *See Pegram v. Hendrich,* 530 U.S. 211, 215 n.2 (2000); *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 185 (7th Cir. 1984); *Barbara v. New York Stock Exch.*, 99 F.3d 49, 57 (2d Cir. 1996). The relevance of this line of cases is unclear to the Court, as no party in this case contests the propriety of removal nor questions whether this Court has jurisdiction over Plaintiff's claims. *See* Def.'s Opp'n to Pl.'s Mot. to Remand, 3 n.1 ("Here, removal by the United States was clearly proper under 28 U.S.C. § 1442, and plaintiff has never contended otherwise."). Rather, the issue is whether, pursuant to 28 U.S.C. §1367(c), the Court should exercise its discretion to retain jurisdiction over Plaintiff's remaining state law claims since all federal claims have been dismissed.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994). The Supreme Court has stated that if "the federal claims are dismissed before trial ... the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006).

Here, the Court finds it appropriate to decline to exercise supplement jurisdiction over Plaintiff's conversion and trespass claims. This case fits within subsection (c)(3) above because the Court has dismissed the cause of action against the United States, over which it had original jurisdiction and Plaintiff's remaining claims are based entirely on state law.

The decision whether to exercise supplemental jurisdiction over state-law claims when federal claims have been dismissed depends upon factors such as judicial economy, convenience, fairness, and comity. *See Pioneer Hi-Bred Int'l v. Holden Found. Seeds*, 35 F.3d 1226, 1242 (8th Cir. 1994) (citing *Gibbs*, 383 U.S. at 726); *see also Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005) (internal quotation omitted) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Guided by these considerations, the Court believes there are no significant issues of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

judicial economy present at this stage of litigation. Further, the Saint Genevieve County court's prior ruling on the JLC's motion for summary judgment in this case and the state's interest in enforcing its law convinces the Court that this case properly belongs in state court. *See Carnegie-Mellon v. Cohill*, 484 U.S. 343, 352 (1988) (discussing state's interest in enforcing its law). In the exercise of its discretion, the Court concludes that these factors weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Court will, therefore, remand this action to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [doc. #54] is **GRANTED**. This action is remanded to the Circuit Court of St. Genevieve County.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED**, as moot.

Dated this 20th day of April, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com